**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Strole, | No. CV-24-08212-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Progressive Insurance Company, et al., | |
| Defendants. | |

Plaintiff Sherri Strole filed a "Motion to Allow Pro Se Plaintiff to Proceed with Benefit of Doubt or, in the alternative, Request for Appointment of Counsel." (Doc. 17.) That motion argues Strole is a pro se litigant and the court must construe her filings liberally. When a party is proceeding pro se, the court has an "obligation . . . to construe the [party's filings] liberally and to afford the [party] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The court has done so up to the present and will continue to do so. However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Strole's filings will be liberally construed but that does not excuse her from complying with generally-applicable rules and procedures.

Strole's motion alternatively requests the appointment of counsel. There is no constitutional right to counsel in a civil case. *See Turner v. Rogers*, 564 U.S. 431, 441 (2011) ("[T]he Sixth Amendment does not govern civil cases."). Although 28 U.S.C.

§ 1915(e)(1) grants the court limited discretion to "request" that an attorney represent an indigent civil litigant, appointment of counsel under this statute is appropriate only when there are "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). To determine whether there are exceptional circumstances, the court considers "the likelihood of the plaintiff's success on the merits" and whether the plaintiff is able "to articulate [her] claims in light of the complexity of the legal issues involved." *Id.* (quotation marks and citation omitted). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Strole has not established there are exceptional circumstances meriting the appointment of counsel. Even if the court assumes Strole has some likelihood of success, the issues are not overly complex and Strole has been able to articulate her positions more clearly than many pro se litigants. The request for counsel is denied without prejudice.

Strole also filed a motion requesting service by the United States Marshals Service and that the summons previously issued be amended. (Doc. 18.) The court grants the request for service by the Marshals Service but there is no need to amend the previously issued summons because Strole will receive new summons when the Clerk of Court sends her the service packet.

**IT IS ORDERED** the Motion (Doc. 17) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** the Motion for Service (Doc. 18) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED**:

1. The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for defendants Progressive Insurance Company and Crash Champions Collision Repair.

2. Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshals

Service ("USMS") will not provide service of process if Plaintiff fails to comply with this Order.

3. The USMS must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

4. The USMS must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The USMS must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the USMS, the USMS must:

   a. personally serve copies of the Summons, Complaint, and this Order upon defendants Progressive Insurance Company and Crash Champions Collision Repair pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure; and

   b. within 10 days after personal service is effected, file the returns of service for defendants Progressive Insurance Company and Crash Champions Collision Repair, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon defendants Progressive Insurance Company and Crash Champions Collision Repair. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the USMS for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendants Progressive Insurance Company and Crash Champions Collision Repair pursuant to Rule

4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

5. A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the USMS, not the Plaintiff.

Dated this 22nd day of January, 2025.

*Krissa M. Lanham*

**Honorable Krissa M. Lanham**
**United States District Judge**