**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Strole, | No. CV-24-08212-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Progressive Advanced Insurance Company, et al., | |
| Defendants. | |

Plaintiff Sherri Strole filed her complaint on November 8, 2024, and the court granted her application for leave to proceed in forma pauperis on November 13, 2024. The court informed Strole she was responsible for service of the summons and complaint. (Doc. 5.) On December 12, 2024, Strole filed a motion to compel arbitration and a motion to stay. (Doc. 11.) A few days later Strole filed a motion to amend her complaint. (Doc. 14.) Those motions had no legal basis and were denied. (Doc. 16.)

In January 2025, Strole filed a "Motion to Allow Pro Se Plaintiff To Proceed with Benefit of Doubt or, in the alternative, Request for Appointment of Counsel." (Doc. 17.) Strole also filed a motion requesting the United States Marshals Service complete service of process. (Doc. 18.) The court denied the request "to proceed with benefit of doubt" by explaining the court is required to construe Strole's filings liberally and there was no need for a motion seeking such relief. (Doc. 19.) But the court cautioned Strole that despite being entitled to liberal construction of her filings, she was required to comply "with generally-applicable rules and procedures." (Doc. 19 at 1.) The court denied Strole's request for

counsel as she had not established "exceptional circumstances" merited appointment of counsel. And the court granted the request for service by the marshals service but ordered Strole to complete the service packets and return them to the court. (Doc. 19 at 2-3.)

The order requiring Strole to complete and return the service packets was issued on January 22, 2025. Strole subsequently returned the service packets but they were not filled out correctly and they could not be served. Before the court could address the service packets issue, Strole filed a "motion to substitute party" seeking to change the identity of one defendant. The court granted that motion and on March 5, 2025, new service packets were sent to Strole. On March 24, 2025, the court issued an order denying an improper motion to compel Strole had filed a few days earlier. (Doc. 25.) That order noted Strole had not returned the service packets and warned that if she did not return them, this case may be dismissed. No service packets have been returned.

On April 14, 2025, Strole filed a second motion to appoint counsel. (Doc. 26.) That motion appears to have been filed in ten different cases Strole filed in state and federal court. It is improper for Strole to file the same motion in multiple cases. Any motion filed in this case must be tailored to the circumstances of this case. Strole's motion is particularly inappropriate in this case because the court previously denied her motion for appointment of counsel and Strole's second motion does not explain any changed circumstances after her first motion was denied. But even if Strole's second motion is considered on its merits, Strole still has not established there are "exceptional circumstances" meriting appointment of counsel. *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The second motion for appointment therefore is denied.

Strole has filed numerous baseless motions after initiating this suit. Although she is proceeding without counsel, Strole is not free to file such motions. "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). Strole has also not complied with the court's orders requiring she return the service packets. Strole's many improper filings and her failure to return the

service packets are preventing this case from proceeding and requiring the court to expend inordinate effort managing the case. This case will be dismissed for failure to comply with a court order if Strole does not return properly-completed service packets by May 1, 2025.

**IT IS ORDERED** the Motion to Appoint Counsel (Doc. 26) is **DENIED**.

**IT IS FURTHER ORDERED** no later than **May 1, 2025**, plaintiff shall return properly-completed service packets. The Clerk of Court shall enter a judgment of dismissal without prejudice if no service packets are returned by that date.

Dated this 22nd day of April, 2025.

**Honorable Krissa M. Lanham**
**United States District Judge**