**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherri Strole, | No. CV-24-08212-PCT-KML |
| Plaintiff, | **ORDER** |
| v. | |
| Progressive Advanced Insurance Company, et al., | |
| Defendants. | |

Plaintiff Sherri Strole filed her complaint in November 2024. Since then Strole has filed: 1) a motion to compel arbitration and to stay (Doc. 11); 2) a motion to amend the complaint that proposed a summons as the amended complaint (Doc. 14); 3) a motion to proceed with benefit of the doubt and to appoint counsel (Doc. 17, 18); 4) a motion for service by the United States Marshals Service (Doc. 18); 5) a motion to substitute party (Doc. 22); 6) a second motion to appoint counsel (Doc. 26); and 7) a motion "to redress systemic misconduct, break cycles of abuse" (Doc. 29). Almost all of those motions were baseless but the court granted the request for service by the Marshals Service. That type of service requires a plaintiff complete and return service packets.

On January 19, 2025, the court sent Strole service packets. (Doc. 19.) Strole returned those packets, but they were not completed correctly. On March 5, 2025, the court sent additional service packets to Strole for her to return. (Doc. 23.) Strole did not return those packets. On April 22, 2025, the court again ordered Strole to return properly-completed service packets. Strole did not do so. On May 7, 2025, the case was dismissed based on

Strole's failure to return properly-completed service packets. (Doc. 28.)

Both before and after this case was closed, Strole sent emails to chambers and left voicemails addressing the merits of her claims. Her most recent email references a letter Strole received from counsel allegedly retained to represent a defendant in this case. The Code of Conduct for United States Judges Canon 3 § A(4) requires a judge not "initiate, permit, or consider ex parte communications," such as Strole's latest email. Strole shall not send such emails or leave voicemails. All substantive communications with the court must be accomplished through filings on the docket. Because Strole has filed repetitive and baseless motions and engaged in repeated improper ex parte communications, no further filings will be accepted in this case and no future communications will be considered.

**IT IS ORDERED** the Clerk of Court shall not accept further filings in this case except those in furtherance of an appeal.

Dated this 16th day of May, 2025.

Honorable Krissa M. Lanham
United States District Judge